**MALAMUT & ASSOCIATES, LLC**
Mark R. Natale, Esq.
457 Haddonfield Road Suite 500
Cherry Hill, NJ 08002
856-424-1808
856-424-2032 (f)
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Pete Solotruk** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION** |
| : | **NO.:** |
| vs. : | |
| **Road Scholar Transport** : | |
| : | **PLAINTIFF REQUESTS A TRIAL** |
| : | **BY JURY** |
| **Defendant** : | |

## COMPLAINT

### I.   PRELIMINARY STATEMENT:

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Pete Solotruk.  Plaintiff was an employee of Defendant, ROAD SCHOLAR TRANSPORT, who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action arises under the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA").

### II.   JURISDICTION AND VENUE

1

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. § 1391 as Plaintiff's claims are substantively based on the ADA and FMLA. This court has supplemental jurisdiction over Plaintiff's common law wrongful termination case.

4. The Eastern District of Pennsylvania has general jurisdiction over the Defendant, and who operates a terminal in Philadelphia and does business throughout the Eastern District.

### III. PARTIES

5. The Plaintiff herein is Pete Solotruk, former employee of the Defendant.

6. The Defendant herein is ROAD SCHOLAR TRANSPORT. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of Defendant. At all times material herein, Defendant is and has been a "person" and "employer" as defined under the ADA.

### IV. UNDERLYING FACTS

7. The Defendant, upon information and belief, employed 50 or more persons when the unlawful conduct alleged in this Complaint occurred.

8. Defendant employed Plaintiff as a driver.

9. At all relevant times, Plaintiff performed his job well.

10. From the time Plaintiff interviewed for the job, he let Defendant know that he had a medical condition that impacted his eyesight and made him unable to work night shifts.

11. Plaintiff's medical condition interfered with one or more major life activity, specifically vision, that made it a qualifying disability under the ADA.

12. At the interview, Defendant told Plaintiff it would be no problem accommodating this disability.

13. However, throughout his employment, Plaintiff was asked to drive night shifts.

14. Plaintiff repeatedly declined to drive in the dark, constantly reminding the Defendant of his medical condition.

15. On or about December 21, 2018, Plaintiff was terminated.

16. Plaintiff was told that he no longer met Defendant's standards for a driver and that he was terminated effective immediately.

17. Plaintiff performed his job well.

18. The only issues with his job were when he had to decline shifts that were outside his restrictions.

19.  It was clear there was animosity because of Plaintiff's restrictions.

20. Plaintiff was terminated because of his disability/perceived disability and request for a reasonable accommodation.

21. Plaintiff's termination violated the ADA.

## COUNT I

### DISCRIMINATION AND RETALIATION UNDER AMERICANS WITH DISABILITIES ACT

22. Paragraphs 1-20 are incorporated herein as if set forth at length.

23. Plaintiff qualified as disabled under ADA because his medical condition interfered with a major life activity, vision.

24. Plaintiff requested a reasonable accommodation of only working day shifts to accomodate this disability.

25. Originally, Defendant said Plaintiff's accommodation would be granted.

26. However, Plaintiff was repeatedly asked to work night shifts.

27. After repeatedly turning down these requests, Plaintiff was terminated.

28. Plaintiff's termination violated the ADA in two ways.

29. First, Plaintiff was terminated because of his disability/perceived disability, in violation of the ADA.

30. Second, Plaintiff was terminated for requesting a reasonable accommodation, in violation of the ADA.

31. Defendant, its upper level managers, and supervisors all violated the ADA by terminating the Plaintiff.

32. Plaintiff incorporates paragraphs 1 through 31 as if set forth at length.

**WHEREFORE**, Plaintiff requests that this court enter judgment in his favor against the Defendant, and order that:

A. Defendant compensate Plaintiff with back pay, at a rate of pay and other benefits and emoluments of employment to which he would have been entitled had she not been subjected to unlawful discrimination based on his disability, age, and request for leave.

B. Defendant compensate Plaintiff with an award of front pay, if appropriate.

C. Defendant pay to Plaintiff punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable.

D. Defendant pay to Plaintiff pre and post judgment interest, the costs of suit and attorney and expert witness fees as allowed by law.

E. Defendant shall eliminate all unlawful discriminatory practices as well as remedy the discriminatory effect of past practices and procedures.

F. The Court shall award such other relief as if deemed just and proper, in law and/or equity, including injunctive relief if the Honorable Court deems said relief appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted;

By. /s/ Mark R. Natale Esq.

Mark R. Natale, Esq.