**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| PETE SOLOTRUK | : | CIVIL ACTION : |
| v. | : | |
| | : | |
| ROAD SCHOLAR TRANSPORT | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serveacopyon all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.          (       )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
      and Human Services denying plaintiff Social Security Benefits.                                    ( )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.

(d)  Asbestos – Cases involving claims for personal injury or property damage from
      exposure to asbestos.                                                                                              ( )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred
      to as complex and that need special or intense management by
      the court. (See reverse side of this form for a detailed explanation of special
      management cases.)                                                                                              ( )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.               X

| | | |
|---|---|---|
| 1/27/2021 | /s/ Mark R. Natale, Esq. | Plaintiff    Pete Solotruk |

| Date | Attorney-at-law | Attorney for |
|------|-----------------|--------------|

| 856-424-1808 | 856-424-2032 | mnatale@malamutlaw.com |
|--------------|--------------|------------------------|
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

### Civil Justice Expense and Delay Reduction Plan Section 1:03 - Assignment to a Management Track

(a)  The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)  In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)  The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)  Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)  Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

### SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex

litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.