

**Mark R. Natale**
mnatale@malamutlaw.com
Phone: 856.424.1808

The Honorable Eduardo C. Robreno
United States Courthouse
601 Market Street
Philadelphia PA 19106
Via CMECF

RE: <u>Solotruk v. Road Scholar</u>
    2:21-cv-00382-ER

Dear Judge Robreno,

I represent the Plaintiff in the above referenced matter. Currently before the court is Defendant's Second Motion to Dismiss. Please accept this letter in lieu of a more formal response to Defendant's Motion.

In response to Defendant's Motion, Plaintiff has filed a Second Amended Complaint. While Plaintiff's position remains that his original complaint and first amended complaint were adequately pled, Plaintiff's Second Amended Complaint goes directly to the issues raised in Defendant's Motion.

First, Plaintiff addresses the issue of whether he was disabled under the Americans with Disabilities Act. Plaintiff's Second Amended Complaint further elaborates on how and why the photophobia interferes with his vision. This easily surpasses the low threshold required to show that Plaintiff is disabled at the pleading stage. As the EEOC guidance and regulations state, whether a medical issue "substantially limits" a major life activity should not "demand extensive analysis". <u>See</u> 29 C.F.R. 1630.2(j)(1)(iii)-(iv). The standard is how a disabled Plaintiff can "perform a major life activity as compared to most people in the general population." <u>See</u> 29 C.F.R. 1630.2(j)(1)(ii). Plaintiff has now repeatedly satisfied that low burden, including in the Second Amended Complaint, which outlines how the photophobia interferes with Plaintiff's vision, leaving him with vision difficulties not experienced by most people in the general population.

Second, Plaintiff addresses the issue of whether he was qualified to do the job. A qualified individual is one "who with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." <u>See</u> 42 U.S.C. 12111(8). The EEOC guidance, adopted by the Third Circuit, adopts a two-pronged approach. <u>See</u> <u>Diane v. Poco Medical Center</u>, 142 F.3d 138, 145-146 (3d Cir. 1998). First, the court must determine whether the individual satisfies the requisite skills, experience, education, and job-related requirements of the position. <u>Id.</u> Second, the court must determine whether the individual can do the essential functions of the job,

**Cherry Hill Office**
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002

**Hoboken Office**
221 River Street, 9th Floor
Hoboken, New Jersey 07030

ph 856 424 1808 | fx 856 424 2032 | fx (gov) 856 486 5966 | MalamutLaw.com

with or without a reasonable accommodation. <u>Id</u>. Here, Plaintiff has clearly pled that he has all of the requisite experience, skill, and education for the position. Plaintiff has also adequately pled that he can do all of the essential functions of the job, with a reasonable accommodation of a schedule modification. Plaintiff has pled in detail how this schedule modification was reasonable, and there was plenty of work for him to do even if he was not driving nights. As such, both prongs are met.

      For the reasons stated above, Plaintiff respectfully requests Defendant's Motion to Dismiss be denied. Plaintiff also respectfully requests Oral Argument.

                                               Respectfully Submitted,
                                               Mark R. Natale, Esq.