

**Mark R. Natale**
mnatale@malamutlaw.com
Phone: 856.424.1808
Fax: 856.424.2032
*Member of the NJ Bar*

July 19, 2021

**Via ECF**
The Honorable Eduardo C. Robreno
U.S. District Court - Eastern District of PA
15614 U.S. Courthouse
Philadelphia, PA 19106

**Re: Solotruk v. Road Scholar Transport**
**2:21-cv-00382-ER**

Dear Judge Robreno:

I represent Plaintiff, Pete Solotruk, in the above-referenced matter. Please accept this letter brief in lieu of a more formal brief in support of Plaintiff's Cross-Motion to Amend his complaint and in opposition to Defendant's Motion to Dismiss.

**Plaintiff's Cross-Motion to Amend His Complaint Cures Any Purported Procedural Deficiencies**

On a preliminary note, Defendant raises a procedural failing as reason to dismiss Plaintiff's complaint. To put the procedural history of this matter concisely: Plaintiff filed his complaint, Defendant responded with a Motion to Dismiss, Plaintiff responded by amending his complaint; the Court dismissed Defendant's motion; Defendant filed another Motion to Dismiss; Plaintiff responded again by amending his complaint; the Court dismissed Defendant's Motion once again; and lastly, Defendant re-filed a Motion to Dismiss. Defendant's position is that prior to filing the second amended complaint, Plaintiff should have obtained consent by the Defendant or filed for leave of Court.

Following the filing of this motion, Plaintiff sought consent by defense counsel to the Second Amended Complaint. Defendant declined to consent. Thus, to remedy any procedural failing, Plaintiff files a cross-motion for leave to file amended Complaint.

Federal Rule of Civil Procedure 15 (a)(2) provides that courts "should freely give leave" to amend a pleading. See Forman v. Davis, 371 U.S. 178, 182 (1962). The Third Circuit has

**Cherry Hill Office**
457 Haddonfield Road, Suite 500
Cherry Hill, New Jersey 08002
ph 856 424 1808

**Hoboken Office**
221 River Street, 9th Floor
Hoboken, New Jersey 07030
ph 877 567 5293

**Philadelphia Office**
2400 Market Street, No 200
Suite 251
Philadelphia, PA 19103

ph 856 424 1808 | fx 856 424 2032 | fx (gov) 856 486 5966 | MalamutLaw.com

consistently held that motions to amend pleadings should be liberally granted. Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004). Leave to amend "must generally be granted" unless it can be shown to be otherwise unjust. See Arthur v. Maersk, Inc., 434 F.3d 196, 202 (3d Cir. 2006). Factors considered in a motion to amend are undue prejudice, the movant's bad faith or dilatory motives, undue delay, repeated failures to cure deficiencies by prior amendments, or futility. See Forman, 371 U.S. at 182.

Here, Plaintiff's cross-motion should be granted. The case is in its infancy, with an answer not even being filed let alone discovery taking place. As such, there is no prejudice to the Defendant. There is also no undue delay, dilatory conduct, or repeated failures by the Plaintiff. There is no basis for the Defendant to show an amendment would be unjust, and thus it should be granted.

## Plaintiff Has Adequately Pled a Claim Under the ADA

Defendant presents contradictory arguments to support the motion to dismiss, specifically arguing that Plaintiff both does not have a medical condition severe enough to qualify as a disability, yet also has a condition that renders him unqualified for the position. Both arguments are invalid.

First, Plaintiff has adequately pled a disability that is covered by the ADA by stating that he has photophobia and explaining in detail how that impacts his vision. In arguing otherwise, Defendant ignores the 2008 amendments to the ADA and the broad interpretation granted to these amendments. As Defendant has stated, an individual is "defined as disabled if s/he has (A) a physical or mental impairment that substantially limits one or more of her/his major life activities; (B) a record of such impairment, or (c) is regarded as having such impairment." See Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 380 (3d Cir. 2002). A "physical impairment", which is pled here, is any "disorder or condition" that affects "one or more body systems." See 29 C.F.R. 1630.2(h)(2019). Moving on through the Third Circuit's standard, we can interpret "substantially limits" with the 2008 rules of construction, which interprets the "substantially limits" standard "in favor of broad coverage." 42 U.S.C. § 12102(4). EEOC regulations implementing the 2008 Amendments adopt this broad coverage by stating that "the threshold issue of whether an impairment `substantially limits' a major life activity should not demand extensive analysis," and the term "shall be interpreted and applied to require a degree of functional limitation that is lower than the standard for `substantially limits' applied" previously. 29 C.F.R. § 1630.2(j)(1)(iii)-(iv). Thus, the true standard is whether the Plaintiff can "perform a major life activity as compared to most people in the general population." 29 C.F.R. § 1630.2(j)(1)(ii). Lastly, there is no dispute that a major life activity is implicated here, as "seeing" is included in the statutory definition of "major life activity". See 42 U.S.C. 121202(2). Defendant's attempt to argue Plaintiff's vision problems do not constitute a disability completely ignores the low bar set by the relevant statutory and regulatory framework, and attempts to hold Plaintiff to a standard that is unfounded in applicable law.

Second, Defendant tries to argue that Plaintiff was not a qualified individual. Under the ADA, a "qualified individual" is one "who, with or without reasonable accommodation can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. 12111(8). The regulations elaborate on this definition by laying out two requirements that the Plaintiff must prove:

(1) The plaintiff has the requisite skill, experience, education, and other job-related requirements of the employment position; and
(2) The plaintiff can perform the essential functions of his/her position, with or without a reasonable accommodation.
See 29 C.F.R. 1630.2(m).

There is no dispute at this time that Plaintiff did not have the skill, training, and experience needed to be a truck driver. However, Defendant argues that he could not perform the essential functions of the job because he could not drive at night. That argument fails as a matter of law.

The Third Circuit has stressed that whether a particular duty is an essential function of a particular job is "for the jury to decide." Turner v. Hershey Chocolate U.S., 440 F.3d 604, 613 (3d Cir. 2006). For purposes of this motion, the analysis ends there. Plaintiff has pled that he is capable of doing the essential functions of the job, with the reasonable accommodation of working during daylight hours. Defendant argues working at night is the essential function of the job. As the Third Circuit has re-iterated, that is for the jury to decide, and is inappropriate for a 12(b)(6) motion.

## Conclusion

For the reasons stated above, and the reasons stated at oral argument, Plaintiff respectfully requests that the Court deny Defendant's Motion.

Respectfully submitted,

/s/ Mark R. Natale
Mark R. Natale, Esquire

Cc: John Dempsey, Esquire (via ECF)

MRN/dd